JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Hesham Ismail | Dominion Energy Inc.,<br>50 Energy Drive<br>Fairless Hills, PA 19030 |

**(b)** County of Residence of First Listed Plaintiff    Philadelphia

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bucks

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott K. Johnson , THE LAW OFFICES OF ERIC A. SHORE
2 Penn Center, 1500 JFK Blvd Suite 1240, Philadelphia, PA 19102
(267) 546-0124

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e-2(a)

Brief description of cause:
Wrongful Termination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
03/15/2019

SIGNATURE OF ATTORNEY OF RECORD
*Scott K. John___*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___Philadelphia, PA 19140___

Address of Defendant: ___50 Energy Drive, Fairless Hills, PA 19030___

Place of Accident, Incident or Transaction: ___50 Energy Drive, Fairless Hills, PA 19030___

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___3/15/19___    *Scott K. John*    ___PA 85024___
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Scott K. Johnson___, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ___3/15/19___    *Scott K. John*    ___PA 85024___
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Hesham Ismail | : | CIVIL ACTION |
| v. | : | |
| Dominion Energy Inc., | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| 3/15/19 | Scott K. Johnson | Hesham Ismail |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 546-0124 | (215) 944-6124 | scottj@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Hesham Ismail, | : | |
| | : | |
| Plaintiff, | : | **JURY DEMANDED** |
| | : | |
| v. | : | No.: _____ |
| | : | |
| Dominion Energy Inc., | : | |
| | : | |
| Defendant. | : | |

**CIVIL ACTION COMPLAINT**

Mr. Hesham Ismail, by and through his undersigned attorney, brings this complaint against Defendant, Dominion Energy Inc., and alleges the following:

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff Hesham Ismail ("Plaintiff" or "Ismail") is a former employee of Defendant and resides in Morrisville, Pennsylvania.

2.      Defendant, Dominion Energy Inc., ("Defendant" or "Dominion"), is a foreign business corporation organized and existing under the laws of the State of Virginia, which according to the public records of the Pennsylvania Secretary of State ("SOS") is operating in this state using the SOS Entity Number of 2926073 and has designated Corporate Creations Network in Allegheny, Pennsylvania, as its agent for service of process.

3.      At all times material hereto, Defendant, qualified as Plaintiff's employer pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

4.      Plaintiff has exhausted his administrative remedies under the Equal Employment Opportunity Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

1

5.    28 U.S.C. §§ 1331 and 1343 confer jurisdiction upon this Court.

6.    The venue is properly laid in this district because Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

## II. FACTS

9.    In October 2015, Dominion hired Mr. Ismail to work as an Engineer III at their facility Dominion Energy Fairless, LLC located in Fairless Hills, Pennsylvania.

10.    Mr. Ismail is from Egypt and is a Muslim.

11.    On February 13, 2017, Mr. Ismail received his first annual performance review that showed he "exceeded expectations."

12.    Per his job offer, Mr. Ismail was promised a merit based salary increase after his annual performance review.

13.    Mr. Ismail made significantly less than a median Engineer III.

14.    Mr. Ismail asked his manager, Mr. William Mackenzie for his salary to be adjusted based on the Dominion payscale for his position.

15.    Mr. Mackenzie told Mr. Ismail to get out of his office or he would call human resources on him.

16.    Later that day during an engineer's performance review, Mr. Mackenzie gave another co-worker, Ms. Samantha Goodwill, who is also Caucasian, a promotion despite her not meeting the minimum job qualification.

17.    When Mr. Ismail was hired by Dominion he was offered a "guaranteed buyout" relocation policy.

18. Despite meeting the criteria Mr. Ismail's policy was denied by Mr. Mackenzie who claimed Mr. Ismail did not qualify.

19. A few months later another co-worker, Mr. Gary Suprenant, who is also Caucasian, was granted the same relocation policy as Mr. Ismail.

20. Mr. Ismail confronted Mr. Mackenzie about being denied the relocation policy and Mr. Mackenzie blamed human resources.

21. In May 2017, Mr. Mackenzie announced he was retiring.

22. Mr. Ismail then asked Mr. Mackenzie to challenge human resources on their decision denying him the relocation policy.

23. Mr. Mackenzie communicated that he was not going to honor the relocation policy and that he can discontinue the relocation policy at any time.

24. In April 2017, Ms. Goodwill managed a project in which scaffolding was nearly tipped over by a forklift under her direction and could have resulted in a fatality.

25. Mr. Mackenzie covered up the incident despite it being witnessed by people and did not file a safety incident report.

26. A few days later a minor oil leak occurred on a job Mr. Ismail was on.

27. When Mr. Mackenzie became aware of the incident, he went to Mr. Ismail and said "I want to see how you get out of this one!"

28. Mr. Mackenzie did everything possible to have Mr. Ismail punished for the incident.

29. An investigation into the incident revealed that it was not Mr. Ismail's fault and instead was human error by a contractor.

30. Mr. Ismail was accused of multiple false allegations by Mr. Mackenzie.

3

31.     Mr. Ismail filed complaints about Mr. Mackenzie to his manager, Mr. Robert Sauer.

32.     Mr. Ismail's complaints were ignored and no action was ever taken against Mr. Mackenzie.

33.     Defendant's adverse employment action directed towards Plaintiff was motivated by animus towards his religion, race and national origin.

34.     Defendants' purported reason for adverse employment action directed towards Plaintiff was pretext.

35.     Defendants' created, maintained, and permitted to exist a work environment hostile to the Plaintiff's religion, race and national origin.

36.     As a direct and proximate result of Defendant's conduct in terminating Plaintiff, he sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**COUNT I**
**RACE DISCRIMINATION**
**42 U.S.C.A. § 2000e-2(a)**

37.     Plaintiff incorporates paragraphs 1-36 as if fully set forth at length herein.

38.     Defendant took adverse action against Plaintiff by terminating his employment.

39.     Plaintiff's status as being Arab/North African/Middle Eastern places him in the protected class of race.

40.     Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate his employment.

4

41.    Plaintiff suffered disparate treatment by Defendant's, as set forth above.

42.    As such, Defendant's decision to terminate Plaintiff's employment is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

43.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

44.    As a result of the conduct of Defendant's management, Plaintiff demands punitive damages.

45.    Plaintiff demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), *et seq.*

## COUNT II
## NATIONAL ORIGIN DISCRIMINATION
### 42 U.S.C.A. § 2000e-2(a)

46.    Plaintiff incorporates paragraphs 1-45 as if fully set forth at length herein.

47.    Defendant took adverse action against Plaintiff by terminating his employment.

48.    Plaintiff's status as being from Egypt places him in the protected class of national origin.

49.    Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate his employment.

5

50.    Plaintiff suffered disparate treatment by Defendant's, as set forth above.

51.    As such, Defendant's decision to terminate Plaintiff's employment is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

52.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

53.    As a result of the conduct of Defendant's management, Plaintiff demands punitive damages.

54.    Plaintiff demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), *et seq.*

## COUNT III
## RELIGIOUS DISCRIMINATION
### 42 U.S.C.A. § 2000e-2(a)

55.    Plaintiff incorporates paragraphs 1-54 as if fully set forth at length herein.

56.    Defendant took adverse action against Plaintiff by terminating his employment.

57.    Plaintiff's status as being Muslim places him in the protected class of religion.

58.    Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate his employment.

6

59.   Plaintiff suffered disparate treatment by Defendant's, as set forth above.

60.   As such, Defendant's decision to terminate Plaintiff's employment is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

61.   As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

62.   As a result of the conduct of Defendant's management, Plaintiff demands punitive damages.

63.   Plaintiff demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), *et seq.*

## COUNT IV
## DISCRIMINATION
## (42 U.S.C. § 1981)

64.   Plaintiff incorporates paragraph 1-63 as if fully set forth at length herein.

65.   Defendant took adverse action against Plaintiff by terminating his employment.

66.   Plaintiff's status as being Arab/North African/Middle Eastern places him in the protected class of race.

67.   Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to harass and terminate Plaintiff's employment.

7

68.    Plaintiff suffered disparate treatment by Defendant, as set forth above.

69.    Defendant subjected Plaintiff to intentional discrimination based on his race, ancestry, and ethnic characteristics. Specifically, Defendant's intentional discrimination was based on the fact that Plaintiff was born Arab.

70.    Defendant's decision to harass and terminate Plaintiff's employment is an unlawful employment practice under 42 U.S.C. § 1981.

71.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Hesham Ismail demands judgment in his favor and against Defendants, in an amount in excess of $150,000.00 together with:

A.    Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B.    Punitive damages;

C.    Attorneys fees and costs of suit;

D.    Interest, delay damages; and,

8

E.  Any other further relief this Court deems just proper and equitable.


Date: March 15, 2019                          **RESPECTFULLY SUBMITTED:**

                                              **LAW OFFICES OF ERIC A. SHORE, P.C.**


                                              BY: _____

                                              **SCOTT K. JOHNSON, Esq.**
                                              Two Penn Center, Suite 1240
                                              1500 John F. Kennedy Blvd.
                                              Philadelphia, PA  19102
                                              Tel.: (267) 546-0124
                                              Fax: (215) 944-6124
                                              Email: scottj@ericshore.com
                                              *Attorney for Plaintiff, Hesham Ismail*

9

# E X H I B I T   A



# E X H I B I T   A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Hesham Ismail** | From: | **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1300**<br>**Philadelphia, PA 19107** |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **846-2018-03677** | **Legal Unit,**<br>**Legal Technician** | **(215) 440-2828** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

1/29/2019
*(Date Mailed)*

cc:    **DOMINION ENERGY**

**Charles Scher, Esq. (For Respondent)**
**Assistant General Counsel**
**120 Tredegar Street**
**Richmond, VA 23221**